## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

GEICO GENERAL INSURANCE
COMPANY,

      Plaintiff,

v.                                   Case No:  5:15-cv-45-Oc-30PRL

MICHAEL BERGUIRISTAIN, et al.,

      Defendants.

_____/

# <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff Geico General Insurance Company's ("Geico") Motion for Summary Judgment (Doc. 70), Defendant Ann Marie Magri's response in opposition (Doc. 72), and Geico's reply (Doc. 76).[1]

This is an insurance coverage dispute arising from an accident that occurred on May 26, 2013.  Geico initiated this action seeking declaratory relief to determine its rights and obligations under an automobile insurance policy issued by Geico to insureds Frank Galletti and Maria Galletti.  (Doc. 1).  The Court, having reviewed the motion, response, and reply, and being otherwise fully advised in the premises, concludes that Geico's motion should be denied.

---

[1] Geico also filed an objection and moved to strike evidence relied upon by Magri in her response.  (Doc. 74). Because the evidence Geico contests was not relevant to the salient issues presented in Geico's motion for summary judgment, the Court did not rely on this evidence in rendering its decision and no need to strike the evidence exists. The motion to strike is denied as moot.

## UNDISPUTED FACTS

On May 24, 2013, Frank Galletti, Maria Galletti, Michael Berguiristain, Nicole Melissa Galindo, Janette Del Rosario-Pardo, Eddy Pardo, minor D.P., Ann Marie Magri, Andy Romero, and three other unidentified individuals traveled from Miami to Clermont, Florida, to participate in an obstacle course race called the "Super Hero Scramble." While the group traveled to Clermont in several different vehicles, they convened at the house of Charles Galletti, F. Galletti's uncle, and Jean Tirri.[2]  On Saturday, May 25, 2013, most of the group participated in the obstacle course race. They again spent the night at the home of Charles Galletti and Jean Tirri.

The next day, May 26, 2013, the group planned to drive to a property, purportedly owned by some member of the Tirri family, for the purpose of discharging firearms.[3]  Upon arrival at the property, the group saw a metal building or hangar with a number of hummer vehicles parked outside and they stopped to look around and take photographs.[4]  The property was the site for a business not yet open to the public called Hummer Off Road Experience.[5]  At some point while the group was looking around, F. Galletti pulled up in one of the hummers with a Hummer Off Road Experience Logo on the side and the group entered the hummer to drive to the area where they planned to discharge firearms.

After the group spent a few hours discharging the firearms, they took turns driving the hummer and a dune buggy.  Once the group was finished, F. Galletti, Maria Galletti,

---

[2]Jean Tirri is Charles Galletti's long-time girlfriend.

[3]There is also some testimony that the group planned on going "mudding" that day as well.

[4]Magri disputes this fact and asserts that the group had an intent to go "mudding" or ride dune buggies before arriving at the property.  (Doc. 72 at 3).

[5]It appears that Hummer Off Road Experience is the fictitious name for Off Road Hummer Adventure, LLC, owned by Justin Tirri.  Although the parties do not address the precise name of the business, it is undisputed that the business was owned by Justin Tirri.

Michael Berguiristain, Nicole Melissa Galindo, Magri, Andy Romero, Janette Del Rosario-Pardo, Eddy Pardo, and D.P. got back into the hummer, which was now being driven by F. Galletti, and were heading back to the hangar when an accident occurred.  The accounts of the accident differ, but the hummer ended up on its side.  Several of the passengers were injured, including Magri, who was airlifted to a nearby hospital with head trauma injuries.

On September 26, 2014, Magri initiated a civil action in the Fifth Judicial Circuit in and for Lake County, Florida, against Off Road Hummer Adventure, LLC, Justin Tirri, F. Galletti, Anthony Tirri, and Sarah Tirri,[6] arising from the injuries sustained by Magri on May 26, 2013.  (Doc. 70, Ex. B).  Geico, who issued an automobile insurance policy to F. Galletti, is currently providing a defense to F. Galletti in Magri's personal injury action under a reservation of rights.  Geico contends, however, that the May 26, 2013 accident is not covered by the policy because F. Galletti did not have permission from the hummer's owner (Justin Tirri) to operate the hummer.

Specifically, the insurance policy issued by Geico to F. Galletti provides coverage for bodily injury "arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*."  (Doc. 70, Ex. A at 4).  The policy defines a non-owned auto as "a *private passenger*, *farm*, or *utility auto* or *trailer* not owned by, furnished or available for regular use of either you or your relative, other than a temporary substitute auto."[7]  (*Id.* at 3).  The policy applies to a non-owned auto driven by "you or your relatives" and mandates that "[s]uch use must be with the permission, or reasonably believed to be with the permission,

---

[6]Anthony Tirri is Justin Tirri's brother, and Sarah Tirri is Anthony Tirri's wife.  Magri asserts that Anthony Tirri and Sarah Tirri own the property where Off Road Hummer Adventure, LLC is located.  (Doc. 70, Ex. B at 6).
[7]The policy further defines "you" and "your" as "the named insured shown in the declarations or his or her spouse if a resident of the same household."  (Doc. 70, Ex. A at 3).

of the owner and to the extent of that permission." (*Id.* at 5).  The parties do not dispute the language of the policy or assert that this language is ambiguous.

Rather, Geico asserts that coverage does not exist under the policy and it is entitled to summary judgment in its favor because there is no genuine issue of material fact regarding whether F. Galletti was operating the hummer owned by Justin Tirri with permission.  Magri counters that facts exists creating a genuine issue of material fact as to F. Galletti's permission to operate the hummer.[8]

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor.  *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the

---

[8]Magri is the only defendant that filed a response in opposition to Geico's motion for summary judgment. The remaining defendants have either defaulted or failed to respond to the motion for summary judgment

nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

The parties do not dispute that the language of the insurance policy is clear and unambiguous. Thus, whether Geico is entitled to summary judgment turns upon the following issue: whether F. Galletti was operating the hummer with the permission of the owner.

When permission is at issue under an insurance policy, coverage will be found to exist if (1) the driver had a subjective belief that he or she had the owner's permission to drive the car, and (2) that subjective belief was objectively reasonable. *See Garcia v. Geico Gen. Ins. Co.*, 712 F. Supp. 2d 1316, 1320 (S.D. Fla. 2010). In determining whether a

driver's subjective belief that he or she had permission to drive a vehicle was objectively

reasonable, a court can consider five factors, including:

> (1) whether the driver had express permission to use the vehicle; (2) whether the driver's use of the vehicle exceeded the permission granted; (3) whether the driver was "legally" entitled to drive under the laws of the applicable state; (4) whether the driver had any ownership or possessory right to the vehicle; and (5) whether there was some form of relationship between the driver and the [owner], or one authorized to act on behalf of the [owner], that would have caused the driver to believe he was entitled to drive the vehicle.

*Id.* at 1321.

At his deposition, F. Galletti testified that he did not operate the hummer with the

permission of either Justin Tirri or Charles Galletti.  Instead, F. Galletti testified that he

hot-wired the vehicle to start it.  None of the other passengers of the hummer, who were

all deposed with the exception of minor D.P., saw F. Galletti start the hummer or saw keys

in the ignition, including Magri.

Magri argues that F. Galletti's testimony is not credible and that evidence exists in

the record impugning the veracity of this testimony.  First, Magri asserts that the lack of

testimony from either Charles Galletti or Justin Tirri should preclude summary judgment

in favor of Geico.  According to Magri, after diligent efforts, the parties have been unable

to depose Charles Galletti or Justin Tirri due to the inability to serve either individual.

Second, Magri cites to evidence in the record casting doubt upon F. Galletti's

version of events.  Specifically, Magri notes that C. Galletti is F. Galletti's uncle, and C.

Galletti has a close personal relationship with the Tirri family.[9]  Moreover, it appears that

---

[9]Neither Geico nor Magri addressed whether C. Galletti had authority to give F. Galletti permission to drive the hummer.  However, taking the following facts as true and construing any reasonable inferences in the light most favorable to Magri, C. Galletti may have had the authority to give permission to use the hummer owned by J. Tirri if he was either affiliated with Off Road Hummer Experience (or at least F. Galletti believed him to be), or he had

C. Galletti may have been affiliated with the Off Road Hummer Experience in some way. The day before the accident, there was a truck parked at C. Galletti's residence with an Off Road Hummer Experience Logo on the side.[10]  F. Galletti spoke with C. Galletti about the business that night, discussing that the business was not yet open to the public due to issues with permitting.  Andy Romero testified that the night before the accident, he, F. Galletti, and someone he believed to be C. Galletti, watched some videos from the Off Road Hummer Experience website.  Magri testified that C. Galletti was present on the property when the group left in the hummer and warned F. Galletti to be careful.[11]

Magri also highlights that F. Galletti has no criminal record and testified that he has never hot-wired a vehicle before (although he was trained in how to hot-wire a vehicle). Additionally, Magri points out that the theft occurred in broad daylight on a property where employees for Off Road Hummer Experience were present and no one questioned F. Galletti's use of the hummer.[12]  F. Galletti had also been to the property before Off Road Hummer Experience was built to discharge firearms.  F. Galletti testified that J. Tirri has not pressed charges against him or sought restitution for the damage caused to the hummer in the accident.

---

dominion and control over the automobile.  *See, e.g.*, *Allstate Ins. Co. v. Sandler*, 753 F. Supp. 573, 575 (E.D. Pa. 1990).

[10]It is undisputed that the truck was parked at C. Galletti's residence.  But Magri and Andy Romero also testified that C. Galletti drove the group to the obstacle course race in this truck.  Several other members of the group, including F. Galletti, testified that the group took their own cars to the race.

[11]This fact is also disputed.  Magri testified that C. Galletti was at the property with the group when they first arrived and later came to help jump start the hummer when the battery died.  F. Galletti testified that C. Galletti was not present and that there were no issues with the hummer (aside from the accident) on that day.

[12]This fact is disputed in the record.  Magri and Andy Romero both testified that employees of Off Road Hummer were present when the group was on the property, but F. Galletti, and several other members of the group testified that no employees of Off Road Hummer Experience were present that day.

In determining whether Geico is entitled to summary judgment, the Court must decide whether the evidence is so one-sided that a reasonable jury could arrive at only one conclusion. *See Anderson*, 477 U.S. at 250. Here, considering the record taken as a whole, there are sufficient facts that could lead a trier of fact to disbelieve F. Galletti's account of how the hummer came to be in his possession. Besides his own testimony, no other evidence exists as to whether F. Galletti had permission to drive the hummer. This is a question best left for the jury. Consequently, a genuine issue of material fact exists and Geico is not entitled to summary judgment.

After due consideration, it is hereby **ORDERED AND ADJUDGED:**

1.      Geico General Insurance Company's Motion for Summary Judgment (Doc. 70) is DENIED.

2.      Geico's General Insurance Company's request to strike (Doc. 74) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of August, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

8