# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

GEICO GENERAL INSURANCE
COMPANY,

    Plaintiff,

v.                                        Case No: 5:15-cv-45-Oc-30PRL

MICHAEL BERGUIRISTAIN, NICOLE
MELISSA GALINDO, FRANK
GALLETTI, MARIA GALLETTI, ANN
MARIE MAGRI, JANETTE DEL
ROSARIO-PARDO, EDDY PARDO,
ANDY ROMERO, OFF ROAD
HUMMER ADVENTURE, LLC, JUSTIN
TIRRI, ANTHONY TIRRI and SARAH
TIRRI,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on Defendant Ann Marie Magri's Motion to Tax Costs Pursuant to Federal Rule of Civil Procedure 54(d)(1) (Doc. 118), and Plaintiff GEICO General Insurance Company's response (Doc. 122). The Court, having reviewed the motion, supporting documents, response, and being otherwise fully advised in the premises, concludes that the motion should be granted in part and denied in part.

## PROCEDURAL BACKGROUND

GEICO brought this insurance coverage action following a May 26, 2013 automobile accident. GEICO's insured, Frank Galletti, was driving the vehicle when the accident happened, injuring passenger Ann Marie Magri. The sole issue in this case was

whether Galletti had permission or a reasonable belief that he had permission to be driving the vehicle at the time of the accident. On December 6, 2017, a jury returned a verdict in favor of Magri and against GEICO.

Magri now seeks costs in the total amount of $14,550.42 pursuant to Federal Rule of Civil Procedure 54(d). (Doc. 118.).

## **STANDARD FOR AWARDING COSTS**

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))). A strong presumption exists in favor of awarding costs. *See Durden*, 2010 WL 2105921, at *1; *see also Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). The district court's discretion in not awarding all costs is limited; the district court must articulate a sound reason for not awarding full costs. *See Chapman*, 229 F.3d at 1038-39; *Durden*, 2010 WL 2105921, at *1. "However, a court may only tax costs as authorized by statute." *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Specifically, pursuant to 28 U.S.C. section 1920, the following may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

2

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

## DISCUSSION

Magri seeks reimbursement for total costs of $14,550.42, which includes (1) the costs of depositions transcripts and videos, (2) the costs to subpoena a deposition witness, (3) the mediation fee, (4) the cost of copies of photographs at trial, (5) the costs for hotel rooms for Magri and her attorneys for depositions and trial, (6) the cost for a trial consulting firm to assist at trial and with editing videos, and (7) the cost of the pretrial hearing transcript. Magri is entitled to recover some, but not all, of these costs.

Before addressing these categories, the Court admonishes Magri's counsel for submitting a motion that fails to meet the minimum standard this Court expects of attorneys. The motion is devoid of any authority, except the passing reference to Federal Rule of Civil Procedure 54(d). There are no statutes cited. There are no cases cited. And Counsel's memorandum of law is a single paragraph that completely lacks legal argument. Instead it relies on conclusions and *ipsie dixit*, stating Magri "should be entitled to seek all of her cost sought" "since she was forced to defend this action in an area outside of where she resides…."[1] (Doc. 118). The Court concludes the reason for such a bare bones motion is most likely because Counsel knows much of what Magri requests is unrecoverable.[2]

What's more, Magri's Counsel failed to comply with Local Rule 3.01(g), which requires certification of a good faith conference with opposing counsel prior to filing a motion to tax costs. Perhaps many of these disputes would have been resolved if that had occurred. Or perhaps Magri's Counsel knew GEICO's counsel would never agree to the unrecoverable costs and decided to roll the dice to see if the Court would rubber stamp their request. Either way, Magri's Counsel blatantly ignored Rule 3.01(g). But Magri is still entitled to recover some costs, despite her Counsels' shortcomings.

---

[1] In case there is doubt in Counsels' minds, that is not the standard for recovering costs.

[2] Surely Counsel does not believe Magri is entitled to recover the cost of Wal-Zyr 24HR 10 MG tablets—an over-the-counter allergy medication included in its receipts for color copies of photographs. (Doc. 118-1, p. 12). Yet Counsel included the $10.99 bottle in its calculation all the same. (Doc. 118, ¶3(K)).

**1. Costs of Deposition Transcripts and Videos**

Magri seeks reimbursement in the amount of $6,941.40 for costs incurred for transcription of the depositions of herself, Frank Galletti, Maria Galletti, Michael Berguiristain, Nicole Galindo, Andy Romero, Eddy Pardo, and Janette Pardo, as well as the costs of videos and DVDs of the depositions. Generally, section 1920(2) authorizes taxation of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Costs for transcripts of depositions conducted in support of a motion for summary judgment or depositions conducted of witnesses listed on a party's witness list are exemplary of the types of costs recoverable under § 1920(2). *See, e.g.*, *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012). However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W & O, Inc.*, 213 F.3d at 621.

GEICO agrees that Magri is entitled to reimbursement for the costs of transcribing the depositions of all of the deponents except Janette Pardo, who was not a witness at trial. GEICO also argues that Magri attempts to recover several costs not recoverable under section 1920(2), such as fees for shipping and handling, costs for scanning and copying exhibits, the costs for condensed and other electronic versions of the transcripts, and the costs for videos in addition to the transcripts.

The Court concludes all of the depositions were necessarily obtained for use in the case and are recoverable under section 1920(2). Although not ultimately relied upon by

Magri, Janette Pardo's deposition was not unrelated to an issue in the case at the time it was taken; thus, Magri would be entitled to recover the costs of that depositions as well. *See Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996-97 (11th Cir. 2012) ("[E]ven where a deposition is not ultimately used [at trial or in a summary judgment motion] as part of the prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken.").

Yet, as noted by GEICO, Magri seeks to improperly recover extra costs in the preparation of such transcripts, such as costs for shipping and handling, costs for copying and scanning exhibits, the costs for condensed and other electronic versions of the transcripts, and the costs for videos in addition to the transcripts. *See id.* at 997 (finding that a district court abused its discretion by taxing costs for shipment and binding of depositions because "§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor"). Because Magri cannot properly tax these costs, the Court concludes that she is only entitled to recover $4,036.75 for the costs of transcribing depositions, constituting $619.75 for the deposition transcripts of Ann Magri, $775.20 for the deposition transcripts of Frank Galletti, $506.60 for the deposition transcripts of Maria Galletti, $387.60 for the deposition transcript of Michael Berguiristain, $462.40 for the deposition transcripts of Nicole Galindo, $523.60 for the deposition transcripts of Andy Romero, $421.60 for the deposition transcripts of Eddy Pardo, and $340.00 for the deposition transcripts of Janette Pardo.

**2. Cost to Subpoena Deposition Witness**

Magri seeks $40.00 for the costs of having to subpoena deponent Andy Romero. The Court concludes this subpoena fee is recoverable. *Haughton v. SunTrust Bank, Inc.*, 403 F. App'x 458, 460 (11th Cir. 2010) (holding, "the court's award of costs for the subpoena fee … was proper."); *Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014).

**3. Mediation Fee**

Magri seeks $1,735.79 for mediation fees. These costs are not recoverable. *Corwin v. Walt Disney Co.*, 468 F.3d 1329, 1346 (11th Cir. 2006), *opinion vacated and superseded on reconsideration on other grounds*, 475 F.3d 1239 (11th Cir. 2007); *see also Ivory v. Holme*, No. 8:07-CV-2354-T-TBM, 2009 WL 1185309, at *2 (M.D. Fla. Apr. 30, 2009).

**4. Costs of Photographs at Trial**

Magri requests reimbursement in the amount of $171.71 for costs associated with making color copies of photographs for use at trial. Such fees are recoverable costs provided that Magri presents evidence establishing the nature of the documents and how they were used or intended to be used in the case. 28 U.S.C. § 1920(4); *Palmer v. Johnson*, No. 2:09-cv-604-FTM-29, 2012 WL 4512918, at *4 (M.D. Fla. Oct. 2, 2012). Typically, "'[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable.'" *Gordon v. Beary*, No. 6:08-cv-73-Orl-36KRS, 2012 WL 3291699, at *2 (M.D. Fla. July 27, 2012) (quoting *Desisto Coll., Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). On the other hand, "[c]opies

obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not taxable." *Id.*

The taxing party must provide adequate documentation and description regarding the necessity of the cost for a fee to be compensable. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002). Magri has provided insufficient documentation substantiating its copy costs and the necessity for the copies' use.[3] Accordingly, Magri has not shown entitlement to the requested costs of $171.71.

## 5. Costs for Hotel Rooms for Magri and Attorneys for Depositions and Trial

Magri requests reimbursement of $1,786.08 for the expenses of her hotel rooms for deposition and trial, as well as the hotel rooms for her attorneys. These costs are not recoverable. *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008); *see also Corwin*, 468 F.3d at 1346; *Glassmire v. Windor S., Inc.*, No. 806-CV-2181-T-30TGW, 2007 WL 3232235, at *5 (M.D. Fla. Oct. 31, 2007) (explaining, "Attorney travel is, however, not compensable under § 1920.").

## 6. Costs for Trial Consulting Firm to Assist at Trial and with Editing Videos

Magri requests reimbursement of $3,841.00 for expenses of hiring Trial Consulting Services, LLC to assist at trial and to edit videos. Magri has provided no authority to support this request, and the Court has found none. Because these costs are not explicitly provided for in section 1920, the Court concludes they are not recoverable.

---

[3] Magri provided the Court with a single document purporting to show the copy costs incurred in the case: a copy of the aforementioned Walgreens' receipts that also include the allergy medicine. While the copy shows two line items for "Internet Photo," these receipts on their own are insufficient to establish the nature of the documents and how they were used.

8

**7. Costs of the Pretrial Hearing Transcript**

Finally, Magri requests reimbursement of $34.50 for a copy of the pretrial hearing transcript. "Movants seeking to tax the cost of pretrial hearing transcripts must show that the pretrial hearings for which transcript costs are sought limited and clarified issues which were to be heard at a lengthy trial and were of a magnitude that a transcript was needed to determine how the trial would proceed." *Ferguson v. Bombardier Servs. Corp.*, No. 8:03–CV–539–T–30MSS, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007). Magri has made no showing that the pretrial hearing transcripts were reasonably necessary, and, therefore, is not entitled to recover this cost.

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. Defendant Ann Marie Magri's Motion to Tax Costs Pursuant to Federal Rule of Civil Procedure 54(d)(1) (Doc. 118) is GRANTED in part.

2. The Clerk is directed to enter a Bill of Costs in the amount of $4,076.75 in Defendant Ann Marie Magri's favor and against Plaintiff GEICO General Insurance Company.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of February, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record